UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                                           :
                                                             :  Civil Action No. 2:13-cv-02766-NIQA
                      Plaintiff,                             :
                                                             :
             vs.                                             :
                                                             :
DANIEL PAEK,                                                 :
                                                             :
                      Defendant.                             :
                                                             :
-------------------------------------------------------------X

## PLAINTIFF'S MOTION TO COMPEL
## DEFENDANT'S DISCOVERY RESPONSES

Plaintiff, Malibu Media, LLC, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 37, hereby moves for entry of an Order compelling Defendant, Daniel Paek ("Defendant"), to respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, and in support files the following memorandum.

### I.  INTRODUCTION

Defendant's failed to submit responses to Plaintiff's First Set of Interrogatories and Requests for Production. On numerous occasions, undersigned attempted to confer and obtain Defendant's responses. However, undersigned's attempts have gone unanswered. Because his responses have not been timely served, Defendant has waived all objections to Plaintiff's requests. Defendant's failure to submit any responses to Plaintiff's discovery requests has prejudiced Plaintiff and unduly delayed its ability to prepare for trial. For the foregoing reasons as explained more fully below, this Court should grant the subject Motion.

## II. FACTUAL BACKGROUND

On February 18, 2014, Plaintiff propounded its First Set of Interrogatories and Requests for Production, copies of which are attached hereto as Exhibits "A" and "B," respectively. Pursuant to Fed. R. Civ. P. 33 and 34, Defendant's deadline to respond to Plaintiff's requests was March 20, 2014. During this time, Defendant was represented by counsel. As such, undersigned sent defense counsel an email on March 26 and April 16 about Defendant's overdue responses. However, both times, Defense counsel was unresponsive. On May 23, 2014, defense counsel withdrew his appearance on behalf of Defendant. On June 18, 2014, undersigned sent a letter directly to Defendant inquiring about his overdue responses. *See* Exhibit C. Defendant failed to respond. To date, Defendant has not provided written responses to Plaintiff's discovery or filed a motion or made any other attempt to seek an extension of time within which to do so.

## III. LEGAL STANDARD

If a party fails to answer an interrogatory or respond to a document request, the discovering party may move for an order compelling such answer or response. *See* Fed. R. Civ. P. 37(a)(3)(B). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *Antico v. Honda of Camden*, 85 F.R.D. 34, 35 (E.D. Pa. 1979) ("[F]ailure to object to a discovery request in a timely fashion constitutes a waiver of the objection").

"[T]he court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(A) (governing payment of expenses if a motion to compel is granted). Courts typically grant reasonable expenses when the movant has made an attempt in good faith to obtain the disclosure or discovery without court

action, the opposing party's nondisclosure or responses is not substantially justified, and the award of expenses is just. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Although the courts traditionally give *pro se* litigants greater leeway in the application of technical rules of pleading and procedure, all parties must nonetheless follow the Federal Rules of Civil Procedure. *Byrne v. Cleveland Clinic*, 684 F. Supp. 2d 641, 648 (E.D. Pa. 2010).

## IV. ARGUMENTS

### A. Defendant Failed To Comply With Fed. R. Civ. P. 33 And 34 By Not Responding To Plaintiff's Interrogatories And Requests For Production

On February 18, 2014, Plaintiff propounded its First Set of Interrogatories and RequestS for Production. Pursuant to Fed. R. Civ. P. 33 and 34, Defendant had thirty (30) days to respond. However, to date, Defendant has not served any discovery responses to Plaintiff's requests. When a party fails to submit any response to discovery requests within the deadline, courts have granted motions to compel. *See Deslonde v. New Jersey*, 2010 WL 4226505 at *4 (D.N.J. 2010); *Gilligan v. Cape May Cnty. Corr.*, 2006 WL 3454864 at *1 (D.N.J. 2006); *Dively v. Seven Springs Farm, Inc.*, 2012 WL 1865414 at *2 (W.D. Pa. 2012); *Roque v. Dialysis Corp. of Am.*, 2013 WL 5969869 at *1 (M.D. Pa. 2013).

Accordingly, this court should compel Defendant to respond to Plaintiff's discovery requests so that it can adequately complete the discovery process and prepare for trial.

### B. Defendant Has Waived Any Objection To Plaintiff's Discovery Requests

Defendant's failure to serve any responses to Plaintiff's previously served discovery requests should be deemed as a waiver of all objections. "[F]ailure to object to a discovery request in a timely fashion constitutes a waiver of the objection." *Antico v. Honda of Camden*, 85 F.R.D. 34, 35 (E.D. Pa. 1979); Fed. R. Civ. P. 34(b)(2)(C) ("An objection to part of a request [for production] must specify the part and permit inspection of the rest"); Fed. R. Civ. P.

33(b)(4) ("Any ground [for objecting to an interrogatory] not stated in a timely objection is waived unless the court, for good cause, excuses the failure"). "[F]ailure to abide by the discovery procedures [and timely submit responses and objections to discovery requests] … thwarts the … 'just, speedy, and inexpensive determination of every action.'" *Shenker v. Sportelli*, 83 F.R.D. 365, 367 (E.D. Pa. 1979).

By failing to respond to Plaintiff's Interrogatories and Requests for Production, Defendant is delaying discovery and frustrating Plaintiff's ability to advance the litigation. Indeed, Defendant's responses are now four (4) months overdue. Thus, to avoid any further delay, Defendant should be compelled to fully respond to Plaintiff's discovery requests without any objections.

### C. Plaintiff Is Entitled To Its Reasonable Attorney's Fees And Costs Incurred As A Result Of Defendant's Failure To Respond To Discovery

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), if a movant's motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Such a payment of reasonable fees and expenses incurred in bringing the motion is ordered unless: (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

As required by Fed. R. Civ. P. 37(a)(1),Plaintiff has attempted in good faith to obtain Defendant's discovery responses. Indeed, undersigned emailed defense counsel twice, and thereafter inquired about the overdue response via U.S. mail to Defendant directly. All of undersigned attempts have gone unanswered. Defendant has not demonstrated good cause for

4

his failure to adhere to Rules 33 and 34 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff is entitled to its reasonable expenses associated with bringing forth this motion.

V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Compel Defendant's Discovery Reponses, find that Defendant waived all objections to Plaintiff's discovery requests, and award Plaintiff its reasonable expenses incurred as a result of Defendant's failure to respond to discovery.

**WHEREFORE,** Plaintiff, Malibu Media, LLC, respectfully requests entry of an Order:

(A) Granting Plaintiff's Motion to Compel Defendant's Discovery Responses;

(B) Compelling Defendant to serve upon counsel for Plaintiff, within seven (7) days of the entry of its Order, substantive responses to its First Set of Interrogatories and Requests for Production;

(C) Finding that Defendant has waived all objections to Plaintiff's discovery requests;

(D) Awarding Plaintiff its reasonable attorney's fees and costs pursuant to Fed. R. Civ. P. 37;

(E) Holding that Defendant's failure to comply with the Court's Order Compelling substantive discovery responses shall result in the entry of a Default Judgment in Plaintiff's favor; and

(F) Ordering such other and further relief as the Court deems just and proper.

## GOOD FAITH CERTIFICATION

Plaintiff, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 37(a)(1), hereby certifies that on March 26, April 16, and June 18, undersigned attempted to confer with Defendant, in a good faith effort to resolve the issues raised by this Motion. Defendant has not

responded to any of undersigned's attempts.  To date, undersigned has not received Defendant's responses to Plaintiff's Interrogatories and Requests for Production.

                                                    By:     /s/ *Christopher P. Fiore*

Dated: July 16, 2014

                                                  Respectfully submitted,

                                                  FIORE & BARBER, LLC

                                        By:     /s/ *Christopher P. Fiore*
                                                      Christopher P. Fiore, Esquire
                                                      418 Main Street, Suite 100
                                                      Harleysville, PA 19438
                                                      Tel:  (215) 256-0205
                                                      Fax:  (215) 256-9205
                                                      Email:  cfiore@fiorebarber.com
                                                      ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

     I hereby certify that on July 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                                    By:     /s/ *Christopher P. Fiore*