**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC**<br>*Plaintiff* | : | **CIVIL ACTION** |
| | : | **NO. 13-2766** |
| **v.** | : | |
| **DANIEL PAEK**<br>*Defendant-pro se* | : | |

NITZA I. QUIÑONES ALEJANDRO, J. FEBRUARY 23, 2015

# MEMORANDUM OPINION

## INTRODUCTION

On January 6, 2015, this Court issued a *Rule to Show Cause* Order directing Defendant Daniel Paek ("Defendant") to show cause, by January 23, 2015, why default judgment should not be entered against him for failure to comply with this Court's previous discovery orders. [ECF 41]. As of the date of this Memorandum Opinion, Defendant has not responded to that Order in any manner. Consequently, after having carefully considered and weighed the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), a default judgment is entered against Defendant and in favor of Plaintiff Malibu Media, LLC ("Plaintiff").

## BACKGROUND

On May 20, 2013, Plaintiff filed a complaint against a John Doe defendant alleging claims for copyright infringement. [ECF 1]. Subsequently, Plaintiff moved for and was granted leave to conduct limited discovery for the purpose of identifying the name of the alleged infringing party. Upon completing the limited discovery, Plaintiff, on October 2, 2013, filed an amended complaint and on October 15, 2013, filed a second amended complaint, essentially to

replace the John Doe defendant with Defendant Daniel Paek. [ECF 11 and 14].[1] On January 26, 2014, Defendant filed a counseled answer to the second amended complaint. [ECF 24]. On March 26, 2014, counsel for both Plaintiff and Defendant attended a pretrial conference convened pursuant to Federal Rule of Civil Procedure (Rule) 16, at the conclusion of which, this Court entered a Scheduling Order. [ECF 27 and 28]. On May 5, 2014, Defendant's counsel filed a motion to withdraw as counsel, [ECF 29], which was granted by Order dated May 22, 2014. [ECF 30].

On November 13, 2014, Plaintiff filed a motion to compel Defendant's discovery responses which outlined Defendant's numerous failures to respond to Plaintiff's discovery requests. [ECF 35]. Defendant did not file a response to the motion and, by Order dated November 18, 2014, this Court granted Plaintiff's motion to compel and directed Defendant to serve substantive discovery responses within ten (10) days. [ECF 39]. According to Plaintiff, and nowhere contested by Defendant, Defendant has failed to comply with this Court's discovery order.

On December 15, 2014, Plaintiff filed a motion requesting an order requiring Defendant to show cause why default judgment should not be entered against him for failure to defend. [ECF 40]. In Plaintiff's motion, Plaintiff again outlined Defendant's repeated failures to respond to discovery requests and to comply with this Court's discovery orders. Plaintiff further argued

---

1 Plaintiff's amended complaint incorrectly identified Defendant as "Daniel Pack." [ECF 11]. After receiving leave of Court, Plaintiff filed a second amended complaint in order to correct the spelling of Defendant's name to Daniel Paek. [ECF 14].

that consideration of the *Poulis*[2] factors weighed in favor of the entry of a default judgment against Defendant. Defendant failed to respond to this motion.

On January 6, 2015, this Court issued a *Rule to Show Cause* Order directing Defendant to respond to Plaintiff's motion by January 23, 2015, and to show cause why default judgment should not be entered against him for his failure to comply with this Court's previous discovery orders. [ECF 41]. The Order further advised Defendant that "[f]ailure to do so will result in the entry of a default judgment against Defendant." To date, Defendant has failed to respond to either Plaintiff's motion or this Court's *Rule to Show Cause* Order.

**LEGAL STANDARD**

Pursuant to Rule 37, district courts may enter default judgment against a party for failure to comply with the court's discovery orders. *See* Fed.R.Civ.P. 37(b)(2)(A)(vi). Rule 55 also provides district courts with the authority to enter a default judgment against a party that "has failed to . . . defend" the action. *See* Fed.R.Civ.P. 55. Entry of default judgment under Rule 55 is not limited to situations where a party fails to respond to a complaint, but also includes situations where a party fails to comply with the court's orders. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 918-19 (3d Cir. 1992).

Recognizing that the entry of a default judgment is a "drastic sanction," *Harris v. City of Phila.*, 74 F.3d 1311, 1330 n. 18 (3d Cir. 1995), the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), instructed district courts to apply a six-factor balancing test to determine whether the entry of default judgment is appropriate. *Id.* at 867-68. These so-called *Poulis* factors govern the entry of default judgment as a sanction under both

---

2 As discussed below, the *Poulis* factors are derived from the Third Circuit's decision in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

Rule 37(b)(2) and Rule 55(b). *See Hoxworth*, 980 F.2d at 919; *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 (3d Cir. 1990).

The *Poulis* factors require district courts to consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than default; and (6) the meritoriousness of the claim or defense. *Poulis*, 747 F.2d at 868. However, not all of the factors need to weigh in favor of entering default judgment against a defendant nor need to be satisfied. *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("While no single *Poulis* factor is dispositive, we have also made it clear that not all of the Poulis factors need be satisfied in order to dismiss a complaint."); *C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.*, 843 F.2d 683, 696 (3d Cir. 1988) (noting that the district court did not abuse its discretion where five *Poulis* factors favored dismissal). The decision to enter default judgment is within the district court's discretion. *Poulis*, 747 F.2d at 868.

**DISCUSSION**

As stated, it is within this Court's discretion to grant Plaintiff's motion should the review and balancing of the *Poulis* factors warrant such a ruling. Therefore, this Court will briefly highlight each factor to determine whether the request for entry of a default judgment should be granted.

***1. Extent of Defendant's Responsibility***

Initially, Defendant was represented by counsel, who asked to withdraw. Because Defendant is proceeding *pro se*, he alone is responsible for his failure to comply with this Court's orders. *See Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2006). His failures to comply

with Plaintiff's discovery requests and this Court's orders cannot be attributed to any counsel or other party. Thus, this factor weighs in favor of the entry of default judgment.

***2. Prejudice to Plaintiff***

The prejudice to Plaintiff is due to Defendant's conduct and inactions. Defendant has failed to respond to Plaintiff's numerous discovery requests and this Court's orders directing him to produce discovery, thus, depriving Plaintiff of evidence potentially necessary to prove Plaintiff's case. These failures have also forced Plaintiff to expend, otherwise unnecessary, time and money to prepare and file the aforementioned discovery requests and motion for sanctions. In addition, by effectively abandoning this case and any possible defense, Defendant has prevented Plaintiff from obtaining relief in any way other than by entry of default judgment. Under the circumstances, this factor weighs in favor of the entry of default judgment.

***3. Defendant's History of Dilatoriness***

Defendant's dilatory conduct has been previously outlined. Following the withdrawal of his counsel, Defendant has not undertaken any efforts to defend this matter. Defendant's dilatoriness is evidenced by his failure to comply with this Court's Orders directing him to produce substantive discovery responses, and by his failure to respond to the *Rule to Show Cause* Order of January 6, 2015, directing him to show cause why default judgment should not be entered against him. This factor also weighs in favor of the entry of default judgment.

***4. Willfulness and Bad Faith Conduct***

"Willfulness and bad faith can be inferred from the totality of the record." *Schutter v. Herskowitz*, 2008 WL 2726921, at *17 (E.D. Pa. July 11, 2008). The Third Circuit has stated that the "[a]bsence of reasonable excuses may suggest that the conduct was willful or in bad faith." *Roman v. City of Reading*, 121 F. App'x 955, 960 (3d Cir. 2005). Defendant's repeated

failure to comply with this Court's orders and, in particular, his failure to respond to this Court's *Rule to Show Cause* Order evidences willfulness. This factor weighs in favor of the entry of default judgment.

*5. Effectiveness of Sanctions other than Entry of Default Judgment*

Defendant's repeated failures to comply with the numerous orders have deprived this Court of the ability to fashion, if appropriate, a less severe and more moderate sanction that might ensure future compliance. In light of the procedural history of this case, Defendant has simply ignored this Court's previous Order informing him that default judgment would be entered if he failed to comply. In the absence of any mitigating circumstances or offered justification for his repeated failures, Defendant's conduct makes it clear that any other less severe sanction would be ineffective. This factor, therefore, weighs in favor of the entry of default judgment.

*6. Meritoriousness of Defendant's Defense*

Though Defendant filed an answer to Plaintiff's second amended complaint, the answer provides little more than denials of Plaintiff's allegations and, therefore, does not provide a clear and dispositive defense to Plaintiff's claims. In *Hoxworth*, the Third Circuit declined to require district courts to hold mini trials on the merits of the litigants' claims and/or defenses before entering default judgment. *Hoxworth*, 980 F.2d at 922. Because this Court is unable to fully weigh the merits, if any, of Defendant's defenses, this final factor slightly weighs in favor of the entry of default judgment or can be considered a neutral factor.

**CONCLUSION**

Having carefully considered and balanced each of the *Poulis* factors, this Court finds that these factors, individually and collectively, significantly weigh in favor of the entry of default

judgment. As such, this Court will enter default judgment against Defendant on Plaintiff's claims. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, J.